## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
CRAIG D. REED,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Case No. 04-CV-1435
                                  )
JAMES D. OWENS,                   )
JIMMIE L. DISON, JOHN M. REED,    )
DOROTHY I. REED,                  )
ROBERT A. TAYLOR, AND             )
MATT SHIPP,                       )
                                  )
        Defendants.               )
```

## **O R D E R**

Before the Court is Plaintiff Craig Reed's (Reed's) Complaint, Application to Proceed Without Prepayment of Fees and Affidavit [Doc. #1], and Motion for Appointment of Counsel [Doc. #2]. Because Reed's Complaint fails to state a claim on which relief may be granted, the Court will deny his Application to Proceed Without Prepayment of Fees and dismiss this case. See 42 U.S.C. 1915(e)(2)(court shall dismiss case brought without prepayment of fees at any time if action is frivolous or malicious, fails to state claim on which relief may be granted, or seeks monetary relief against defendant who is immune from such relief).

The burden lies with a plaintiff, even one proceeding pro se, to submit a complaint which minimally complies with the Federal Rules of Civil Procedure. A litigant claiming in forma pauperis status has an additional hurdle. 28 U.S.C. § 1915 "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

under Federal Rule of Civil Procedure 11." <u>Neitzke v. Williams</u>, 109 S.Ct. 1827, 1832-33 (1989).  That purpose is well-suited to actions such as this.

Reed has filed a form 42 U.S.C. § 1983 complaint in which he alleges the following:

> On November 19, 2004 I was in fact fixing my mothers garage door with permission by D.I.R. and by my brother - Executor of her Living Will[,] John M. Reed.  My Brother & Mother had me evicted and an Order of Protection given by Jimmie L. Dison.  At this point there was not a problem.  Later in the afternoon [an] arrest warrant was issued and served by Jimmie L. Dison.  Chief of Police Robert A. Taylor gave me the ride to jail for Criminal Damage to Property (Felony).  The case was dismissed for lack of evidence.  I spent 3 weeks in jail on $25,000 bond for nothing.

As relief, Reed requests:

> Disbarment of States Attorney!!!  Help for Sheriffs Department (money, manpower and whatever the Sheriff needs to restore pride in our county[)].  To be executor of mothers living and death will.  All property in Stark County and in State of Texas - Lago Vista Austin, Texas.  I am applying a lein (sic) on John M. Reed for $332,250 That is All

In summary, it appears a warrant was issued for Plaintiff's arrest and he was arrested and held on bond.  While the Court understands Plaintiff may feel wronged considering the charges were dismissed, Plaintiff has failed to allege any conduct that would constitute a violation of his federally protected rights.  <u>See</u> 42 U.S.C. § 1983 (person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" may file civil action).  Thus, the Court finds Reed has failed to state a claim on which relief may be granted.

Accordingly, Reed's Application to Proceed Without Prepayment of Fees and Affidavit [Doc. #1] and Motion for Appointment of Counsel [Doc. #2] are DENIED and this case is DISMISSED.

CASE TERMINATED.

Entered this 14th day of January, 2005.

                                    s/ Joe B. McDade
                                    JOE BILLY McDADE
                              United States District Judge